# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF TEXAS
# LUFKIN DIVISION

| | | |
|---|---|---|
| JOHN DISALVATORE, | § | |
| | § | |
| *Plaintiff,* | § | |
| | § | |
| v. | § | CIVIL ACTION NO. 9:14-CV-150 |
| | § | |
| | § | |
| FORETRAVEL, INC., d/b/a | § | |
| FORETRAVEL MOTORCOACH, | § | |
| | § | |
| *Defendant.* | § | |

## ORDER ADOPTING REPORT AND RECOMMENDATION
## ON MOTION FOR SUMMARY JUDGMENT

Pursuant to 28 U.S.C. § 636(b), General Order 14-10 and the Local Rules for the United States District Court, Eastern District of Texas, the Court referred this proceeding to United States Magistrate Judge Keith F. Giblin for pretrial management. On June 30, 2016, Judge Giblin issued his Report and Recommendation (doc. #76) on the defendant's motion for summary judgment. Judge Giblin recommended that this District Court grant the motion in part and deny it in part. Specifically, he recommended that plaintiff's breach of warranty, negligence, and strict liability - design defect causes remain for trial. He recommended that the Court grant summary judgment in the defendant's favor on the remainder of the plaintiff's causes of action.

On July 14, 2016, the defendant filed nine pages of objections to Judge Giblin's report (doc. #78). In sum, Foretravel objects by arguing that (1) Plaintiff cannot establish medical causation for his alleged injuries, (2) Judge Giblin erred in denying summary judgment on the breach of warranty claim because the warranty at issue disclaims mold, (3) Judge Giblin erred in finding a fact issue on the design defect cause of action, (4) summary judgment should be granted on the negligence claim

because Foretravel could not have foreseen the risk at issue, and (5) Judge Giblin erred as a matter of law in concluding that expert testimony was unnecessary for certain aspects of this case to survive summary judgment.

The Court a conducted a *de novo* review of Judge Giblin's report, the objections, the pleadings, the record, and the applicable law. *See* FED. R. CIV. P. 72(b); 28 U.S.C. § 636(b). After careful consideration, the Court concludes that the objections are without merit. The magistrate judge thoroughly analyzed the summary judgment record in a detailed 37 page report. Defendant's objections focus on issues which Judge Giblin already addressed in that report. This Court's own review of the record shows that the plaintiff pointed to evidence which sufficiently shows a genuine factual dispute on the elements of each the remaining causes of action. While defendant's objections contend that "there can be no dispute" based on the record, a review of the evidence as a whole and consideration of Judge Giblin's evaluation of that evidence shows that he did not err in recommending denial of summary judgment on the breach of warranty, negligence and design defect claims. The Court also agrees with Judge Giblin's findings on the issue of expert testimony based on the particular circumstances of this case. Defendant's objections on this issue are also overruled.

To the extent that the defendant argues that the magistrate judge did not address the mold disclaimer in the warranty at issue, the Court notes that defendant itself did not point to this specific issue in its own motion for summary judgment when attacking plaintiff's breach of warranty claim. *See Motion for Summary Judgment* (doc. #44), at pp. 16-18. Defendant merely pointed to the mold disclaimer in its "Statement of Undisputed Material Facts." *Id.* at p. 4. Plaintiff responded by submitting his contested version of those facts, which include the contention that the RV was defective in that it could not withstand common weather events (rain). *See Plaintiff's Response* (doc. #47), at pp. 2-4. He also submitted evidence sufficient to create a fact issue as discussed in the

Report and Recommendation. Viewing the evidence in the light most favorable to the nonmovant, Judge Giblin did not err in finding the existence of a factual issue on the breach of warranty claim.

For these reasons, the Court overrules Foretravel's objections and accepts Judge Giblin's recommended disposition. The Court therefore **ORDERS** that the Report and Recommendation on Motions for Summary Judgment (doc. #76) is **ADOPTED.** Pursuant to the magistrate judge's recommendation, the Court further **ORDERS** that the defendant's Motion for Summary Judgment (doc. #44) is **GRANTED in part and DENIED in part** as recommended by Judge Giblin. The Court **ORDERS** that summary judgment is hereby entered in favor of the defendant on the plaintiff's DTPA, strict products liability - manufacturing defect, strict products liability - marketing defect, gross negligence, assault and conversion causes of action. Those causes of action are **DISMISSED**, with prejudice. Because genuine issues of material fact exist on the strict liability - design defect, negligence and breach of warranty causes of action, those three claims remain pending for trial.

**SIGNED this 21st day of July, 2016.**

_____
MICHAEL H. SCHNEIDER
UNITED STATES DISTRICT JUDGE